FILED LODGED RECEIVED
OCT 24 2008
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| Sara Klusmeyer<br>6913 41st St. E.<br>Fife, WA 98424<br><br>Plaintiff,<br><br>v.<br><br>Evergreen Professional Recoveries, Inc.<br>c/o Kenneth A. Ross, Registered Agent<br>12100 NE 195th St., #325<br>Bothell, WA 98011<br><br>Defendant. | Case No. **C08 5650 KLS**<br>Judge:<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around March 5, 2008, Defendant telephoned Plaintiff.

10. During this communication, Defendant represented to Plaintiff that Defendant filed a lawsuit and obtained an Order from the Court to begin garnishing Plaintiff's wages.

11. During this communication, Plaintiff stated that she would like to resolve the matter on her own.

12. During this communication, Defendant represented to Plaintiff that it was too late for Plaintiff to resolve the matter.

13. On or around March 5, 2008, Plaintiff telephoned Defendant.

14. During this communication, Plaintiff requested the case number of the lawsuit Defendant referenced in their previous conversation.

15. During this communication, in contradiction of its previous statements, Defendant represented to Plaintiff that there was no lawsuit or Order.

16. During this communication, Defendant threatened to have the Sheriff serve Plaintiff with court papers at Plaintiff's place of employment.

17. On or around March 5, 2008, Defendant telephoned Plaintiff's place of employment.

18. During this communication, Defendant represented that the sheriff would be coming to Plaintiff's place of employment.

19. During this communication, Defendant stated that it hoped to embarrass Plaintiff at Plaintiff's place of employment.

20. After the communication above, Plaintiff's boss ("Boss") telephoned Defendant.

21. During this communication, Defendant represented to Boss that the sheriff would be coming to Plaintiff's place of employment to serve Plaintiff with court papers.

22. During this communication, Boss notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at her place of employment.

23. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

24. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT EIGHT

### Invasion of Privacy by Public Disclosure of a Private Fact

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. Defendant released information which was private to the Plaintiff and concerned Plaintiff's private life to the owner of Plaintiff's place of employment.

41. The threat of legal action to these parties is highly offensive.

42. The information disclosed is not of legitimate concern to the public.

## COUNT NINE

### Invasion of Privacy by Intrusion upon Seclusion

43. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

44. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

45. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

46. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

47. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

48. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

49. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

50. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c. Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *Lawrence Lofgren*
Lawrence S. Lofgren(34358)
600 Stewart St, Ste 724
Seattle, WA  98101
Telephone:  206-770-0444
Email:  llo@legalhelpers.com
*Attorney for Plaintiff*